# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6849 | **DATE** | 3/15/2013 |
| **CASE TITLE** | Kubiak vs. Meltzer, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Defendant Michael Meltzer's motion to remand eviction case to state court [19], grants Defendant Marcia Meltzer and Earl Meltzer's motion to dismiss [57], denies Plaintiff's motion to strike [59], and denies Howard E. Leventhal's motion to intervene [45].

■[ For further details see text below.]    Docketing to mail notices. Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

# STATEMENT

There are two cases between Plaintiff Malgorzata Kubiak and Defendants. In the first, filed in state court on August 24, 2012, Michael Meltzer seeks to evict Kubiak from the house that Meltzer owns. In the second, filed in federal court on August 27, 2012, Kubiak seeks damages under the Fair Housing Act ("FHA") against Michael Meltzer, Marcia Meltzer, and Earl Meltzer for alleged sexual harassment and for interfering with her "quiet enjoyment" during her tenancy. On September 4, 2012, Kubiak filed a document titled "Verified Petition and Warrant for Removal and for FINAL Order of Removal." To the extent that this document purports to remove the state matter to federal court, Michael Meltzer seeks to remand the state eviction case. Also pending are Marcia and Earl Meltzer's motion to dismiss Plaintiff's claims against them, Plaintiff's motion to strike or seal Defendant Michael Meltzer's reply brief in support of his motion to remand, and Howard E. Leventhal's motion to intervene. The Court addresses all of the pending motions below.

## I.    Motion to Remand

The removal statutes states that "any civil action brought in a State court *of which the District Courts of the United States have original jurisdiction*, may be removed by the Defendant * * * to the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). An eviction does not arise under the Constitution, law, or treaties of the United States; thus, there is no federal jurisdiction over a state law eviction matter. Additionally, diversity jurisdiction does not exist, as Plaintiff's notice does not claim that the parties to the eviction case are citizens of different states or that the amount in controversy is greater than $75,000. Further, as Kubiak is a citizen of Illinois, she may not remove the case from the Illinois state court. See 28 U.S.C. § 1441(b) (case may be removed only if none of the parties in the interest is a citizen of the state in which the case is brought). Kubiak can recover damages if she prevails on her federal claims, but her federal claims do not give her the right to continue living in Meltzer's house simply because she has filed federal claims. Rather, the state law cause of action is separate and distinct from the federal action, involving separate evidence

and separate burdens of proof.

Additionally, even if the case could have been removed (it could not), it was not properly removed procedurally. To do so, Kubiak would have had to file a notice of removal, which would have created a new action with a separate case number that would have been randomly assigned to a judge in this district. If Plaintiff then wished to consolidate this case into a removed case, she would have had to file a motion to consolidate. She did not. Instead, she simply filed her notice in this case.

Kubiak does not respond at all to the procedural issue, likely because she has no basis for doing so. Her only argument is that because there is federal jurisdiction over the FHA case, and because the two cases involve the same parties in interest, it is only fair that the Court hear both actions. Jurisdiction does not work that way. Because the case was not properly removed procedurally and because the Court does not have jurisdiction over the state law eviction matter, the Court grants Defendant Michael Meltzer's motion to remand [19]. The Court also denies Plaintiff's motion to strike [59]. There was nothing improper or that warranted sealing in Defendant's reply brief. Defendant is entitled, under the law, to defend itself against Plaintiff's accusations and to point out weakness and defects in Plaintiff's arguments.

Section 1447(c) provides that a court "may" require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). Interpreting this statute, the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137 (2005), said that the attorneys' fees provision does not create a strong presumption either for or against awarding fees. Still, the Court wrote, "absent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. When deciding whether fee-shifting is appropriate, courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation. See *id.* at 140; see also *Micrometl Corp. v. Tranzact Technologies, Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). At this time, the Court will not order Plaintiff to pay Defendants' attorneys fees incurred as the result of the removal. However, Plaintiff is cautioned that even though she is a *pro se* litigant, the strictures of Rule 11 still apply to her pleadings. See *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.1996). Accordingly, Plaintiff may face a monetary sanction if she causes Defendants to incur additional attorneys' fees in litigating objectively unreasonable positions advanced by Plaintiff.

## II.    Motion to Intervene

Howard E. Leventhal seeks leave to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2), which states that

> On timely motion, the court must permit anyone to intervene who * * * claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Rule further states that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defenses for which intervention is sought." F.R.C.P. 24(c). Movant has not attached a pleading. The only grounds set forth in the motion are that "Defendants may seek to attach liability to Leventhal in a counterclaim." Because Mr. Leventhal fails to attach a proposed pleading, his motion to intervene is denied.

| STATEMENT |
|---|

Furthermore, based on the facts alleged in Plaintiff's complaint and the attachments to the complaint, Mr. Leventhal has no interest related to the transaction in this federal action, which asserts that Michael Meltzer sexually harassed Plaintiff and interfered with her quiet enjoyment of the premises. At this time, the proposed intervenor is not related to Plaintiff, does not reside at the premises, and is not a party to the document that Plaintiff claims as her "lease." At best, what Mr. Leventhal claims is an interest in the state court eviction action, which, as previously set forth, has been improperly removed to federal court and then improperly joined with this case. It appears that only if Defendants were to assert in the future that a previous lease executed by Leventhal binds him can Leventhal have any interest in the eviction matter.

It seems that Mr. Leventhal seeks to intervene solely so that he can "assist" Plaintiff at settlement conferences and other legal appearances, despite the fact that he is not an attorney. It is well-established law that *pro se* litigants and non-lawyers cannot represent other individuals or corporations. *Nocula v. Tooling Systems International Corp.,* 520 F.3d 719, 725 (7th Cir. 2008) ("corporations cannot appear *pro se*, and one *pro se* litigant cannot represent another") (citations omitted); see also *Edwards v. Lake Terrace Condo. Ass'n*, 2011 WL 1548023, at *1 (N.D. Ill. Apr. 21, 2011). While Mr. Leventhal may accompany Plaintiff to court proceedings and attend them (as may any member of the public), formal intervention is not permitted under the rules and he may not speak or act on behalf of Plaintiff, as he is not an attorney. Plaintiff may represent herself, or she may retain an attorney to represent her, but Mr. Leventhal may not represent Plaintiff and further attempts by Mr. Leventhal to speak at status hearings will not be indulged by the Court.

### III. Motion to Dismiss

Plaintiff filed this federal FHA complaint against her landlord (Michael Meltzer), his wife (Marcia), Michael's father (Earl), two of his attorneys, and his law firm. Plaintiff has since dismissed as Defendants the attorneys and the law firm. Defendants contend that since the wife and father are similarly situated to the lawyers–there have never been any factual allegations made against them, either in the complaint or by virtue of the exhibits that Plaintiff attached to her complaint–Defendants Marcia and Earl Meltzer should be dismissed.

The documents that Plaintiff chose to attach to her complaint clearly demonstrate that Marcia and Earl are not owners or lessors of the property in question, and therefore, to the extent that she has a FHA claim, she does not have one against them. Further, the allegations in the complaint are that Michael Meltzer told Plaintiff that when his wife Marcia died from terminal cancer, he would "cohabitate" with her, which would then reduce her rent. Plaintiff interprets this as *quid pro quo* harassment based on an offer to lower her rent in exchange for sexual favors.

In her complaint, Plaintiff makes no factual allegations against either "Marcia" or "Earl" Meltzer except one reference to "the Meltzers" agreeing to renew the lease with her, without altering its other terms, through December 10, 2012. But the documents attached to the complain belie any cause of action under this theory against Marcia or Earl, as the exhibits, both the original lease with Leventhal and the alleged renewed lease with Kubiak, show that the lessor is Michael Meltzer. Additionally, Plaintiff makes no allegations that either Marcia or Earl took any action at all, let alone any action which could possibly cause a hostile sexual environment or constitute *quid pro quo* harassment. Since the only possible allegation made against Marcia and Earl is that they are lessors, and that allegation is contradicted by Plaintiff's own exhibits, Plaintiff has failed to state a claim that is plausible on its face against either of them. The Court grants Marcia and Earl Meltzer's motion to dismiss and dismisses them as Defendants in this case.

Defendants point out that the FHA contains a fee-shifting provision and that a court, "in its discretion, may allow the prevailing party * * * a reasonable attorney's fee and costs." 42 U.S.C. 3613(c)(2). For the reasons

| STATEMENT |
|---|

previously stated, at this time, the Court will not order Plaintiff to pay Defendants' attorneys fees incurred as the result of filing this lawsuit against Defendants Marcia and Earl Meltzer. However, Plaintiff again is cautioned that even though she is a *pro se* litigant, the strictures of Rule 11 still apply to her pleadings and accordingly she may be required to pay Defendants' attorneys' fees if Defendants are forced to litigate matters without merit.

Plaintiff's federal claims against Michael Meltzer remain pending and this case remains set for a status conference before Magistrate Judge Maria Valdez on 3/21/2013 at 10:00 a.m.

*[signature]*