# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MALGORZATA J. KUBIAK,                        )
                                             )
      Plaintiff,                        )
                                             )            Case No. 12 CV 6849
v.                                           )
                                             )            Judge Robert M. Dow, Jr.
MICHAEL H. MELTZER,                          )
                                             )
      Defendant.                        )
                                             )

## ORDER

Plaintiff Malgorzata J. Kubiak seeks damages under the Fair Housing Act ("FHA") against Defendants for sexual harassment and for interfering with her "quiet enjoyment" during her tenancy. The Court previously dismissed Defendants Marcia and Earl Meltzer, and Defendant Michael Meltzer now moves to dismiss the claims asserted against him [103]. For the reasons set forth below, the Court grants Michael Meltzer's motion to dismiss [103]. This civil action is terminated.

## STATEMENT

Plaintiff filed this federal FHA complaint against her landlord (Michael Meltzer), his wife (Marcia), Michael's father (Earl), two of his attorneys, and his law firm. Plaintiff dismissed as Defendants the attorneys and the law firm, and the Court dismissed Marcia and Earl Meltzer. In September 2013, Michael Meltzer moved to dismiss the claims against him. In response, Plaintiff's sole argument against dismissal was that an automatic bankruptcy stay had been imposed pursuant to 11 U.S.C. § 362(a) and therefore Meltzer's motion could not be considered. However, as set forth in more detail below, the bankruptcy court has since dismissed the involuntary bankruptcy case that Plaintiff (and two others) filed against Meltzer. Thus, no bankruptcy stay exists and Defendant's motion is ripe for adjudication.

The sole discernable allegation in the complaint that pertains to a possible FHA claim is that Defendant Michael Meltzer told Plaintiff that when his wife Marcia died from terminal cancer, he would "cohabitate" with her, which would then reduce her rent. Plaintiff interprets this as *quid pro quo* harassment based on an offer to lower her rent in exchange for sexual favors. Defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) because it does not state a plausible claim upon which relief can be granted.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first

must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). While a *pro se* litigant's pleadings are held to a lesser standard, the *pro se* litigant must comply with the court's rules and procedures. See *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

In her complaint, Plaintiff alleges that she leases a single family home in Long Grove, Illinois, which is owned by Defendant Meltzer. Kubiak and Meltzer attempted to negotiate the sale of the home and then a new lease. Negotiations were ultimately unfruitful, and Meltzer hired an attorney to prosecute an eviction action that Meltzer filed in state court. Kubiak removed the state court eviction action, but this Court remanded the case. In an attempt to avoid and delay the eviction, Kubiak attempted to remove the case a second time, but, after the case was transferred from Judge Gettleman to this Court's docket, the Court again remanded the eviction action and warned Plaintiff of potential sanctions, a warning that has been repeated multiple times.

In one last attempt to delay the eviction action, Plaintiff filed a Petition for Involuntary Bankruptcy against Meltzer, Case No. 13 B 31151. Plaintiff claimed that Meltzer was "obligated" to her in an "undisputed amount of approximately $2,500,000" due to the present case. Meltzer has since won a judgment against Kubiak in the eviction action for approximately $57,000, and the bankruptcy court has dismissed Plaintiff's Petition for Involuntary Bankruptcy. In dismissing the Petition, the bankruptcy judge noted that the petitioning creditors ignored the court's pretrial order and that at least two of the three petitioning creditors (including Ms. Kubiak) had ignored the case since its inception. The bankruptcy court retained jurisdiction solely to consider Meltzer's requests for relief pursuant to 11 U.S.C. § 303(k) and sanctions pursuant to 11 U.S.C. § 303(i). As of September 3, 2013, Plaintiff no longer resides in the Long Grove residence.

Ms. Kubiak's complaint alleges sexual harassment and interference with her rights under the FHA. However, the FHA does not create a right to live in another person's house rent-free and simply attempting to evict a tenant for not paying rent does not rise to the level of an FHA violation. Given that the state court did evict Kubiak, the allegation that filing the eviction complaint was somehow wrongful does not meet the plausibility standard that Plaintiff must meet to avoid a motion to dismiss. Her one vague statement about "cohabitation," with no sexual reference at all and no unwanted touching, is insufficient to state a claim for sexual harassment. Moreover, in her supporting affidavit (attached to her complaint), Kubiak states that Meltzer made this statement to her on or about November 10, 2012. Yet Plaintiff's complaint was filed on August 27, 2012, at least two and a half months before the statement was allegedly

made.  The rest of Ms. Kubiak's allegations are vague and conclusory and, without more, do not state a claim for relief.

In short, Plaintiff's FHA allegations of interference and sexual harassment are simply implausible.  A far more plausible reading of the complaint (which is bolstered by Plaintiff's actions throughout this case and in the bankruptcy case) is that Plaintiff, with the assistance of her ex-husband, filed this action as a leveraging tool in an attempt to remain in Meltzer's home rent free or, at a minimum, to delay her eviction.  Drawing on "its judicial experience and common sense," the Court concludes that Plaintiff has failed to state a claim against Defendant Meltzer, and her complaint is dismissed. *Iqbal*, 556 U.S. at 679.

Dated:  January 23, 2014

_____
Robert M. Dow, Jr.
United States District Judge